UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

LAURA MARIE DASHER,

        Plaintiff,

v.                                   Case No. 2:22-cv-204-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

        Defendant.

## OPINION AND ORDER[1]

### I. Status

Laura Marie Dasher ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of bipolar disorder, anxiety, depression, insomnia, diabetes, and high blood pressure. Transcript of Administrative Proceedings (Doc. No. 17; "Tr." or "administrative transcript"), filed June 30, 2022, at 88, 105, 243. Plaintiff protectively filed an application for DIB on May 19, 2020, alleging a disability onset date of July 11, 2018. Tr. at 221-27; see also Tr. at 88 (stating protective

---

     [1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 18), filed August 1, 2022; Reference Order (Doc. No. 19), entered August 2, 2022.

filing date). The application was denied initially, Tr. at 86, 87-104, 116, 119, 121-26, 128-33, and upon reconsideration, Tr. at 105-12, 113, 136-39. Later, Plaintiff amended the alleged disability onset date to January 10, 2020, which was one day after a January 9, 2020 unfavorable administrative decision adjudicating a prior DIB claim. See Tr. at 15, 71-81, 287, 308, 370-71.

On September 2, 2021, an Administrative Law Judge ("ALJ") held a hearing,[2] during which he heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 36-67. At the time of the hearing, Plaintiff was fifty-two (52) years old. Tr. at 41. On November 2, 2021, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 15-29.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief in support. See Tr. at 4-5 (Appeals Council exhibit list and order), 211-14 (request for review), 389-90 (brief). On February 9, 2022, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On March 31, 2022, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

---

[2] The hearing was held via telephone with Plaintiff's consent because of extraordinary circumstances presented by the COVID-19 pandemic. Tr. at 38, 141-54.

On appeal, Plaintiff argues the ALJ failed to properly evaluate the opinion of Dina Grodson, Advanced Practice Registered Nurse ("APRN"), which led to a residual functional capacity ("RFC") assessment that was unsupported by substantial evidence. Plaintiff's Memorandum of Law (Doc. No. 21; "Pl.'s Mem."), filed August 23, 2022, at 8. On October 24, 2022, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 23; "Def.'s Mem.") responding to Plaintiff's argument. Then, as permitted, Plaintiff responded by filing a Reply to Defendant's Memorandum in Support of the Commissioner's Decision (Doc. No. 24; "Reply") on November 23, 2022. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   **The ALJ's Decision**

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 17-29. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since January 10, 2020, the amended alleged onset date." Tr. at 17 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: obesity; diabetes mellitus; diabetic neuropathy; restless leg syndrome (RLS); neuroleptic induced Parkinson's; bipolar disorder; obsessive-compulsive disorder (OCD); and anxiety disorder with panic attacks." Tr. at 17-18 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 18 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

> [Plaintiff can] perform light work as defined in 20 CFR [§] 404.1567(b) except only frequent handling, grasping, feeling, or fingering. [Plaintiff] can perform only low stress work, defined as having no high production demands; entails only simple routine repetitive tasks with simple type job instructions; and only occasional interaction with others at the worksite.

Tr. at 20 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "Bus Driver." Tr. at 27-28 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("50 years old . . . on the amended alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 28 (emphasis and citations omitted), such as "Cleaner, Housekeeper," "Marker," and "Router," Tr. at 29. The ALJ concluded Plaintiff "has not been under a disability . . . from January 10, 2020, through the date of th[e D]ecision." Tr. at 29 (emphasis and citation omitted).

### III.  **Standard of Review**

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001)

(citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ erred in evaluating the opinion of Ms. Grodson, an APRN who treated Plaintiff for her mental impairments, among other things. Pl.'s Mem. at 8-14; Reply at 1-4.

On August 9, 2021, Ms. Grodson filled out a Questionnaire about Plaintiff's mental capacity. Tr. at 372-75. According to Ms. Grodson, Plaintiff had all "Marked" to "Extreme" difficulties in various areas of social interaction, sustained concentration and persistence, and adaptation. Tr. at 372-74. Ms. Grodson opined Plaintiff's condition was likely to deteriorate if she were placed under job stress. Tr. at 375. Asked to explain, Ms. Grodson wrote that Plaintiff

> suffers from Generalized anxiety disorder w panic attacks and mixed obsessional thoughts & acts. Last time she tried to work @ Instacart when the phone rang she started to cry. She lasted for 2 weeks.

Tr. at 375. Ms. Grodson stated Plaintiff is not capable of managing her own funds. Tr. at 375.

The ALJ found Ms. Grodson's opinion unpersuasive.[4] The ALJ wrote as follows:

> The opinion is not supported by or consistent with the treating practitioner's own treating notes or mental status exam findings of [Plaintiff], which indicate the severity of [Plaintiff's] psychiatric illness is primarily mild and at times moderate with minimal worsening noted based on prior visits. Mental status exams indicate normal thought content, no abnormal perceptions, normal thought processes, grossly intact cognition, normal psychomotor, normal speech, and no suicidal ideation. Treating notes from the same date indicate that [Plaintiff's] bipolar symptoms are in partial remission, as she did not report symptoms related to manaia or depression. It appears the opinion

---

[4] This is not explicitly stated, but in context, it is clear the ALJ was not persuaded by Ms. Grodson's opinion. Tr. at 26-27.

- 7 -

>>is based in part on [Plaintiff's] subjective reports, as treating notes from that date state [Plaintiff] reported not being able to work due to anxiety and panic while attempting to work for Instacart and her reports of being unable to manage finances or do any laundry or cooking anymore, which she had never reported prior to this. It is noted that at this appointment, she presented with the disability paperwork. Moreover, the opinion is not consistent with or supported by other consultative evaluations or mental status examination findings in the record.

Tr. at 26-27 (citations omitted).

According to Plaintiff, the ALJ's reasoning for finding the opinion to be unpersuasive "fails to appreciate the inherently subjective nature of mental disorders, as well as the waxing and waning nature of [Plaintiff's] bipolar disorder." Pl.'s Mem. at 9; see id. at 11-13. Plaintiff also contends the ALJ inappropriately evaluated the opinion in considering its reliance on Plaintiff's subjective complaints. Id. at 10-11. Finally, Plaintiff takes issue with the ALJ's comparison of the opinion to other mental impairment evidence in the file. Id. at 13. Responding, Defendant argues the ALJ properly applied the correct Regulations in assessing Ms. Grodson's opinion. Def.'s Mem. at 9-15.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and

Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a).[5] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and

---

[5] Plaintiff filed her DIB application after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

(5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[6]

Here, the ALJ did not err in evaluating Ms. Grodson's opinion. The ALJ adequately explained why the opinion was not persuasive, and those reasons are supported by substantial evidence. First, the ALJ correctly determined that Ms. Grodson's notes[7] reflect "primarily mild and at times moderate" psychiatric

---

[6] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

[7] Ms. Grodson is affiliated with Lee Health Memorial System. The records from Lee Health contain Ms. Grodson's individual notations as well as notations from other providers working together with or independently from her.

issues. Tr. at 27; see Tr. at 523-37, 579-82, 602-14, 655-70, 673-80.[8] The ALJ also accurately summarized the findings in Ms. Grodson's notes. Compare Tr. at 27, with Tr. at 655-70, 673-80. Moreover, it was reasonable for the ALJ to point out Ms. Grodson's opinion relied in part on Plaintiff's subjective complaints that differed from earlier indications of what Plaintiff was capable of doing. See Tr. at 27; compare Tr. at 627 (consultative examination by Michael Rosenberg, M.D., stating Plaintiff does not need help with activities of daily living). Finally, the ALJ found that Ms. Grodson's opinion was not supported by other consultative examinations or mental status examination findings in the record. Tr. at 27 (citations omitted); see also Tr. at 26 (ALJ discussing the non-examining mental opinions).

---

[8] Plaintiff contends the ALJ's Decision runs afoul of Simon, Pl.'s Mem. at 11; Reply at 3-4, in which the Eleventh Circuit remanded a claim because "the ALJ did not articulate adequate reasons for discounting" the claimant's treating psychiatrist, a consulting psychologist, and the claimant's testimony. See Simon, 7 F.4th at 1097. Plaintiff also contends the ALJ failed to follow Schink because he did not recognize the episodic nature of her bipolar disorder. See Reply at 3-4 (citing Schink, 935 F.3d at 1268).

The Eleventh Circuit has recognized that "the episodic nature of" bipolar disorder must be considered by an ALJ. Schink, 935 F.3d at 1268. An ALJ may not rely on "snapshots" of how a bipolar individual is doing to discredit medical findings because the disorder is "characterized by the unpredictable fluctuation of [its] symptoms, and thus it is not surprising that even a highly unstable patient will have good days or possibly good months." Simon, 7 F.4th at 1106 (citation omitted).

The undersigned notes that the facts in Simon and Schink differ from the facts here. First, they are both pre-2017 Regulations cases, which required that a treating doctor's opinion be given controlling weight unless there was good cause to discount it. Here, those Regulations (giving controlling weight to certain medical opinions) do not apply to Ms. Grodson's opinion. Second, as reflected above, the ALJ's Decision here adequately explains his reasoning for finding unpersuasive Ms. Grodson's opinion. Third, the ALJ did not fail to recognize the episodic nature of Plaintiff's bipolar disorder. Instead, the evidence in the file simply does not support the mental limitations assigned by Ms. Grodson.

## V. Conclusion

The ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 6, 2023.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record